Opinion issued June 10, 2010















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-08-00762-CV
__________
 
BAKER HUGHES OILFIELD OPERATIONS, INC., Appellant
 
V.
 
JAMES M. WILLIAMS, Appellee
 

 
 
On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2004-03092
 

 
 
DISSENTING OPINION
          I dissent. 
          Pretext discrimination cases inherently involve a question of credibility
because they require the determination of whether the stated reason for the adverse
action is true or false—in other words, “the defendant’s mens rea.” “Whether the
defendant was in fact motivated by discrimination is of course for the finder of fact
to decide[.]” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133,154, 120 S.
Ct. 2097, 2112 (2000) (Ginsburg, J., concurring). For this reason, a jury verdict in a
pretext discrimination case should rarely be overturned. See id. at 155, 120 S. Ct. at
2112 (absent conclusive determination that discrimination could not be true
motivation, “the ultimate question of liability ordinarily should not be taken from the
jury” once plaintiff has introduced evidence establishing prima facie case and
evidence that employer’s proffered explanation for adverse action was false).
          Appellate courts have nothing but written words on a page. A jury has the
opportunity to hear the tone, inflection, hesitation, or assuredness of the witnesses.
It can evaluate the witnesses’ expressions, gestures, mannerisms, and attitudes. It can
sense nervousness, arrogance, honesty, and deception. In short, it can do what we
cannot—determine when someone is lying.
          In this case, Mr. Williams was required to prove two things to the jury: (1) the
stated reason for his termination was a pretext (i.e., not the true reason) and (2) the
true reason was discrimination. The jury, after hearing all the witnesses and
reviewing all the evidence, simply “did not believe the Baker Hughes witnesses,” and
found that the alleged basis for Williams’s termination was not the real reason he was
discharged. Rather, the jury found that discrimination was the real reason behind
Williams’s termination. 
          In reversing that jury verdict, the majority found that there was no evidence
supporting the jury’s determination that race was a motivating factor in Baker Hughes
decision to fire Williams. But there was evidence at trial, viewed in the light most
favorable to the verdict, that (1) Baker Hughes acquiesced in the “common practice”
of the machinists reporting problems to Moises Banda, (2) other black machinists in
the Fishing Tools department who—prior to Fendley’s and Shultz’s supervision—had
good work records, were subjected to increased performance citations after Fendley
and Shultz became supervisors, and five were eventually terminated,


 (3) the
termination rate of black employees at Baker Hughes’ Fishing Tools section for
performance issues was higher than that of white or Hispanic employees, and (4)
Williams was replaced by a white employee. The “aggregate effect of all these
pieces” of evidence amounts to at least sufficient evidence to rise “to a level that
would enable reasonable and fair-minded people to differ in their conclusions” about
whether race was a motivating factor in Williams’s termination. See King Ranch v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (defining when “more than a scintilla
of evidence” exists). 
          The “jury heard all the evidence in context and reached a permissible
conclusion about what happened” and there is more than a scintilla of evidence
supporting their conclusion. The evidence is therefore legally sufficient to support
the verdict. Because the majority has held otherwise, I dissent. 
 
 
                                                                        Jim Sharp
                                                                        Justice


Panel consists of Justices Jennings, Higley, and Sharp.

Justice Sharp, dissenting.